















MEG   2/12/99    9:21

3:99-CV-00238   RANDALL V. JOHNSON & JOHNSON

*1*

*NTCREM.*

Stern, Neubauer,
Greenwald & Pauly
A Professional
Corporation

ORIGINAL

FILED

99 FEB 10 PM 2: 49

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _mgomez_ DEPUTY

1  MARK A NEUBAUER (State Bar No. 073728)
   MICHAEL F. DONNER (State Bar No. 155944), Members of
2  STERN, NEUBAUER, GREENWALD & PAULY,
   A Professional Corporation
3  1299 Ocean Avenue, Tenth Floor
   Santa Monica, California 90401-1007
4  Telephone: (310) 451-8001
   Telecopier: (310) 395-5961
5
   Attorneys for Defendant
6  JOHNSON & JOHNSON PROFESSIONAL, INC.
   For Itself and As Successor in Interest to CODMAN
7  & SHURTLEFF, INC., and Specially Appearing
   Defendant JOHNSON & JOHNSON, Erroneously Sued
8  As JOHNSON & JOHNSON, INC.,

9

10              UNITED STATES DISTRICT COURT

11          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12

13

14  RORY RANDALL,                      )  Case No. 99 CV 0238 S  JAH
                                       )
15            Plaintiff,               )
                                       )  NOTICE OF REMOVAL OF
16       vs.                           )  ACTION UNDER 28 U.S.C. § 1441(b)
                                       )
17  JOHNSON & JOHNSON, INC.; CODMAN AND )
    SHURTLEFF, INC., JOHNSON AND JOHNSON )
18  PROFESSIONAL, INC., and DOES 1 through 20, )
    inclusive,                         )
19                                     )
              Defendants.              )
20  _____)

21

22  **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF RORY**

23  **RANDALL AND HIS COUNSEL OF RECORD:**

24       **PLEASE TAKE NOTICE** that specially appearing defendant Johnson & Johnson,

25  erroneously sued as Johnson & Johnson, Inc. ("J&J") and defendant Johnson & Johnson

26  Professional, Inc. on behalf of itself and as successor in interest to Codman & Shurtleff, Inc.

27  ("JJP"), hereby remove to this Court the state court action described herein and aver as

28  follows:

1

Stern, Neubauer,
Greenwald & Pauly
A Professional
Corporation

1.     On or about December 30, 1998, plaintiff Rory Randall ("Randall") commenced an action against, among others, J&J and JJP in the Superior Court of the State of California for the County of San Diego, entitled, *Rory Randall, etc. v. Johnson & Johnson, Inc., etc., et al, San Diego County Superior Court Case No. 726956* ("State Court Action").  A true and correct copy of the Complaint in the State Court Action is attached hereto as Exhibit "1."

2.     On or about January 12, 1999, JJP received its first notice that Randall had commenced the State Court Action, when, on that date, Randall personally served JJP with the Summons and Complaint at its offices in Raynham, Massachusetts.  A true and correct copy of the Summons is attached hereto as Exhibit "2."

3.     J&J has not yet been served by Randall with the Summons and Complaint and received its first notice of the State Court Action on or about January 12, 1999, when its wholly-owned subsidary, JJP, was served with the Summons and Complaint.

4.     This Notice of Removal is filed by all of the defendants within less than 30 days from the time both J&J and JJP first had receipt or other notice of a copy of the initial pleadings setting forth Randall's claims for relief, and therefore is within the time provided by law.

5.     To the best of J&J's and JJP's knowledge, no further proceedings have taken place in the State Court Action other than the filing of the Summons and Complaint, and all of the process, pleadings and orders served upon or received by J&J and JJP in this case have been filed as Exhibits "1" and "2" as part of this Notice.

6.     The State Court Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and which may be removed pursuant to 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs based on the following facts:

     a.     Randall was, at the time of the filing of the State Court Action, and continues to be, a citizen and resident of the State of California, and domiciled in the County

155209.1

Stern, Neubauer,
Greenwald & Pauly
A Professional
Corporation

1    of San Diego.

2          b.     Defendant J&J was, at the time of the filing of the State Court Action,

3    and continues to be, a corporation duly organized and incorporated under the laws of the

4    State of New Jersey, with its principal place of business in New Brunswick, New Jersey.

5          c.     Defendant JJP was, at the time of the filing of the State Court Action,

6    and continues to be, a corporation duly organized and incorporated under the laws of the

7    State of New Jersey, with its principal place of business in Raynham, Massachusetts.

8    Defendant Codman & Shurtleff, Inc. was merged into JJPI in 1994 and JJP is Codman &

9    Shurtleff Inc.'s successor in interest.

10          d.     No other defendants other than JJP have been served with the Summons

11   and Complaint in this action.

12          e.     Except for the fictitiously named Does 1 through 20, inclusive, there are

13   no other defendants to this action. Thus, complete diversity exists pursuant to 28 U.S.C. §

14   1332 between the only named plaintiff, a citizen and resident of, and domiciled in California,

15   and the only named, existing defendants, corporations under the law of New Jersey and

16   whose principal places of business are in New Jersey and Massachusetts, respectively; and

17          f.     The amount in controversy in the State Court Action exceeds the sum of

18   $75,000, exclusive of interest and costs. Specifically, Randall alleges in his Complaint

19   claims for promissory fraud, breach of employment contract, and breach of the covenant

20   faith and fair dealing. J&J and JJP are informed and believe and allege thereon that Randall

21   contends the value of this requested relief alone exceeds the sum of $75,000, exclusive of

22   interest and costs.

23          7.     Pursuant to the requirements of 28 U.S.C. § 1446(d), J&J and JJP will

24   promptly give notice of filing of this Notice of Removal to Randall through his counsel of

25

26

27

28

-3-

1    record and will promptly file with the Clerk of the San Diego County Superior Court, a copy

2    of the Notice of Removal.

3    Dated: February 10, 1999.

Respectfully submitted,

4

STERN, NEUBAUER, GREENWALD & PAULY,
5    A Professional Corporation

6    MARK A. NEUBAUER
MICHAEL F. DONNER

7

8    By: _____

MARK A. NEUBAUER, a Member of
9    STERN NEUBAUER, GREENWALD & PAULY,
A Professional Corporation,
10   Attorneys for Defendant
JOHNSON & JOHNSON PROFESSIONAL, INC.
11   For Itself and As Successor In Interest to Codman
& Shurtleff, Inc., and Specially Appearing
12   Defendant JOHNSON & JOHNSON sued
erroneously herein as JOHNSON & JOHNSON,
13   INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | Douglas E. Geyman, Esq. (CSBN 159417)
The Law Offices of Douglas E. Geyman
2 | 750 B Street, Suite 2890
San Diego, CA 92101
3 | (619) 232-3533

F-I-L-E-D
CIVIL BUS LD

98 DEC 30 PM 12: 23

KENNETH E. MARTONE
CLERK SUPERIOR COURT
SAN DIEGO COUNTY CA

4
Attorney for Plaintiff
5

6 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

7 | IN AND FOR THE COUNTY OF SAN DIEGO

8

9 | -0000-    **726956**

| | |
|---|---|
| RORY RANDALL, ) | CASE NO. |
| Plaintiff, ) | COMPLAINT FOR DAMAGES |
| vs. ) | 1. Promissory Fraud |
| JOHNSON AND JOHNSON, INC., ) | 2. Breach of Implied-in-fact Contract |
| CODMAN AND SHURTLEFF, INC. ) | |
| JOHNSON AND JOHNSON ) | 3. Breach of Covenant of Good Faith |
| PROFESSIONAL, INC. ) | and Fair Dealing |
| and DOES 1 through 20, Inclusive, ) | |
| Defendants. ) | |

COMES NOW, Plaintiff, RORY RANDALL, by and through his attorney, Douglas E. Geyman, who for causes of action against Defendants, Johnson and Johnson, Inc., (hereinafter "J&J") Codman and Shurtleff, Inc., (hereinafter "Codman") Johnson and Johnson Professional, Inc., DOES 1 through 20, and each of them, alleges as follows:

### THE PARTIES

1.  Plaintiff Rory Randall is a resident of California.

2.  Upon information and belief, Defendant J&J is, and at all times herein mentioned was, a corporation registered under the laws of the State of California with its principal place of business in New Brunswick, New Jersey. J&J can be sued in San Diego, California, and has designated an agent to accept services of process in California.

-1-


EXHIBIT "1"

3.     Upon information and belief, Defendant Codman is, and at all times herein mentioned was, a corporation registered under the laws of the State of California with its principal place of business in Randolph, Massachusetts. Codman can be sued in San Diego, California, and has designated an agent to accept services of process in California.

4.     Upon information and belief, Defendant Johnson and Johnson Professional, Inc., is, and at all times mentioned herein was, a corporation registered under the laws of the State of California with its principal place of business in Raynham, Massachusetts. Johnson and Johnson Professional Inc., can be sued in San Diego, California, and has designated an agent to accept services of process in California.

5.     Upon information and belief, at all times herein alleged, Tibor Foldvari was Vice President of Research and Development at Codman or Johnson & Johnson Professional, Inc., which, in turn were, at all times relevant herein, wholly owned subsidiaries of J&J. Upon information and belief all of Foldvari's acts described herein were taken within the course and scope of his employment and authority for the Defendants.

6.     Upon information and belief, at all times herein alleged, Frank Collins was Director of Product Development at Codman or Johnson & Johnson Professional, Inc., which, in turn, were at all times relevant herein, wholly owned subsidiaries of J&J. Upon information and belief, all of Collins' acts described herein were taken within the course and scope of his employment and authority for the Defendants.

7.     Plaintiff is unaware of the true names and capacities of the Defendants designated herein as DOES 1 through 20, inclusive, and therefore sues such Defendants by their fictitious names. Plaintiff will seek leave of court, if required, to amend this complaint to allege their true names and capacities when the same shall become known to him. Plaintiff is informed and believes, and thereupon alleges that each and every Defendant designated herein as a DOE is in some manner liable or responsible for the acts, occurrences and omissions hereinafter set forth, and the damages proximately caused thereby

///

///

-2-

Page 6

## FACTS COMMON TO ALL CAUSES OF ACTION

8.      From February 1992 through August 1992, Foldvari and Collins actively recruited Randall for the position of Manager of Medical Software Development for a new Codman business product called ACUSTAR. Through ACUSTAR, J&J was attempting to develop a computer assisted imaged guided system for neurosurgery. At the time, Randall had been employed at Siemens Gammasonics, Inc., (hereinafter "Siemens") as a manager for the past eleven years. Randall had earned regular salary increases and promotions over the course of his employment at Siemens and his future was bright.

9.      Despite his secure position at Siemens, Randall was intrigued by the J&J opportunity regarding ACUSTAR because of, among other things, the increase in compensation, the possibility of earning stock options, and possible growth potential in the company. However, during the interviewing process, Randall expressed many concerns to Foldvari and Collins regarding J&J's commitment to ACUSTAR. In particular, Randall expressed the concern that ACUSTAR was the only area of product development at Codman requiring his experience and expertise. Randall also expressed to Foldvari and Collins great hesitation about leaving his secure position with Siemens for any venture to which J&J was not absolutely committed.

10.      In or about June 1992, in Nashville, Tennessee, Foldvari responded to Randall's concerns by saying to Randall, "Don Grilli (President of Codman) wants me to assure you that if the project is cancelled we will take good care of you." Foldvari reiterated that J&J was committed to continue ACUSTAR so long as it met or exceeded the company's expectations.

11.      In or about June 1992, during at least one of several face-to-face interviews, Collins also responded to Randall's concerns and reassured Randall by saying that J&J's act of recruiting for the Manager of Software Development position was itself confirmation of J&J's commitment to ACUSTAR.

12.      In August 1992, Randall accepted employment with J&J, resigned his position at Siemens and subsequently moved his family to San Diego, California.

13.      The manager position which Randall accepted at J&J included a salary increase and made him eligible for the J&J Executive Compensation Plan of a cash and stock bonus which included stock options.

-3-

14. Randall was initially required to rent a home in San Diego because J&J was contemplating transferring him to the Boston area after one and one-half years. To offset the higher housing cost in San Diego, J&J paid a monthly housing subsidy to Randall in addition to salary.

15. During the initial three and one-half years of ACUSTAR development, Randall was very successful in managing the software development and system integration. In fact, the product was very successfully received by neurosurgeon. During this initial period, J&J gave Randall merit increases, cash and stock bonuses, and stock options awards.

16. Toward the end of 1993 and early 1994, Randall continually expressed concerns to Collins that soon he would be required to pay capital gain taxes on the sale of the house that he sold in Illinois in order to move to California for the J&J position.

17. In or about January 1994, Codman merged with Johnson & Johnson Orthopedic, Inc., under the new name of Johnson & Johnson Professional, Inc.

18. In or about April 1994, Collins responded to Randall's concerns and told him that J&J was committed to ACUSTAR and its software development in San Diego. Collins responded affirmatively to Randall's questions about whether he could buy a house and remain in San Diego indefinitely in reliance on J&J's representations of continued employment.

19. Relying on J&J representations, Randall purchased a house in San Diego in or about October 1994. J&J reimbursed Randall for moving expenses to the newly purchased house. Because the cost of a house in Southern California was so much higher than the house Randall sold in Illinois, Randall depleted much of his savings and incurred substantial tax penalties by withdrawing money from his Siemens 401(k) savings to purchase a home.

20. In or about December 1995, J&J cancelled ACUSTAR.

21. In or about February 1996, Randall was informally notified that his position would be eliminated at year's end. Randall's position was actually eliminated on December 31, 1996, causing him to lose the majority of his stock options (worth at least $300,000).

///

///

-4-

# FIRST CAUSE OF ACTION

## Promissory Fraud

22. Plaintiff Randall repeats, for context and reference, paragraphs 1 through 21, inclusive, as if fully set forth herein.

23. Named Defendants, through their agents Foldvari and Collins, falsely and materially represented to Randall that:

    (a)    they planned to "take care" of Randall should ACUSTAR be cancelled;

    (b)    they were committed to the development of ACUSTAR in San Diego, California;

    (c)    and Randall had financial and job security with them.

24. Upon information and belief, at the time Foldvari and Collins made these false and material representations, Foldvari and Collins each knew or should have known that these false and material representations were false and that Randall would reasonably rely upon them.

25. Upon information and belief, when Foldvari and Collins made these representations they knew them to be false and they made these representations with the intention to deceptively induce Randall to act in reliance on these representations in the manner hereafter alleged, or with the expectation that Randall would so act.

26. Randall, at the time these misrepresentations were made and at the time Randall took the actions herein alleged, was ignorant of the falsity of Foldvari's and Collins' representations and reasonably believed them to be true. In reliance on these representations, Randall was induced to and did change jobs, stop seeking other offers, relocate, and devote immense energy to ACUSTAR. Had Randall known the actual facts, he would not have taken any of these actions; he would have remained employed with Siemens and continued to consider only relatively secure career options.

27. As a proximate result of the fraudulent conduct of the Defendants through Foldvari and Collins as herein alleged, Randall was induced to and did change jobs, stop seeking other offers, relocate, and devote immense personal energy to the success of ACUSTAR, by reason of which Randall has been damaged in the sum of $2,000,000.

-5-

28.     Upon information and belief, the above conduct of J&J through Foldvari and Collins was an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention on the part of J&J through Foldvari and Collins of thereby depriving Randall of property or legal rights or otherwise causing injury, and was conduct that subjected Randall to a cruel and unjust hardship in conscious disregard of Randall's rights, so as to justify an award of exemplary and punitive damages.

29.     WHEREFORE, Plaintiff prays for:

(a)     compensatory damages, including lost wages, lost stock options, lost employee benefits, bonuses, vacation benefits, savings and tax penalties, mental and emotional distress, and other special and general damages in an amount of two million dollars ($2,000,000.00);

(b)     punitive damages;

(c)     an award of interest, including prejudgment interest, at the legal rate attorneys' fees and costs of suit incurred herein;

(d)     such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION

### Breach of Implied-in-fact Contract

30.     Plaintiff Randall repeats, for context and reference, paragraphs 1 through 29, inclusive, as if fully set forth herein.

31.     During the entire course of Randall's employment, there existed an implied-in-fact employment contract between Randall and the named Defendants, which at the time of Randall's discharge included, but was not limited to, the following terms and conditions:

(a)     Randall would be able to continue his employment with the named Defendants indefinitely so long as he carried out his duties in a proper and competent manner;

(b)     the named Defendants would fully support the ACUSTAR project so long as it met or exceeded its expectations as a successful business proposition;

-6-

(c)     if the ACUSTAR project was cancelled, then the named Defendants would take good care of Randall, providing him with alternative equivalent employment or at least some severance package significantly greater than what they would otherwise have been required to provide.

32.     This total employment agreement is evidenced by oral representations to Randall by the named Defendants' agents and employees (including Foldvari's and Collins' above-described representations), and by the parties' entire courses of conduct.

33.     Randall duly performed all of the conditions of the contract to be performed by him, including carrying out all of his job's tasks properly and competently.

34.     Defendants failed to carry out their responsibilities under the employment agreement (including breaching each of the above three terms and conditions). As a proximate result of the Defendants' breach of the total employment contract, Randall has suffered and continues to suffer substantial losses in earning, bonuses, stock options and other employment benefits which he would have received had Defendants not breached said agreement, plus expenses incurred in obtaining substitute employment, all to his damage in an amount according to proof.

35.     WHEREFORE, Plaintiff prays for:

(a)     expectation and reliance damages, including lost wages, lost stock options, lost employee benefits, bonuses, vacation benefits, savings and tax penalties, and other special and general damages in an amount subject to proof;

(b)     an award of interest, including prejudgment interest, at the legal rate;

(c)     for costs of suit incurred herein;

(d)     such other and further relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION

### Breach of Covenant of Good Faith and Fair Dealing

36.     Plaintiff Randall repeats, for context and reference, paragraphs 1 through 35, inclusive, as if fully set forth herein.

-7-

37.    The above employment agreement contained an implied covenant of good faith and fair dealing by which Defendants promised to refrain from taking any act that would prevent or impede Randall's enjoyment of the fruits of said contract. This covenant of good faith and fair dealing required the Defendants to fairly, honestly, and reasonably perform the terms and conditions of said agreement.

38.    Said covenant of good faith and fair dealing inheres in every contract and in particular is implied in the terms of Randall's employment agreement with Defendants by reason of, but not limited to, Randall's outstanding performance for the Defendants.

39.    Defendants deliberately deprived Randall of the benefits of their employment agreement. In addition to breaching their employment agreement in at least three ways (outlined in paragraph 31 herein), the named Defendants kept those breaches secret from Randall or left him uncertain about them until the last possible moment. The Defendants accomplished this by misleading Randall regarding any corporate-level discussions about canceling ACUSTAR and then by keeping him on for that last year with some reasonable expectation that he might continue in his work on that project with a new company they might create.

40.    As a proximate result of the Defendants' breach of this covenant of good faith and fair dealing, Randall suffered and continues to suffer substantial losses in earning, bonuses, stock options and other employment benefits which he would have received had Defendants not breached said agreement, plus expenses incurred in obtaining substitute employment, all to his damage in an amount according to proof.

///
///
///
///
///
///
///
///
///

-8-

1     41.     WHEREFORE, Plaintiff prays for:

2       (a)     expectation and reliance damages, including lost wages, lost stock options, lost

3             employee benefits, bonuses, vacation benefits, savings and tax penalties, and other

4             special and general damages in an amount subject to proof;

5       (b)     an award of interest, including prejudgment interest, at the legal rate;

6       (c)     for costs of suit incurred herein;

7       (d)     such other and further relief as this Court deems just and proper.

8

9 Dated: December 30, 1998

10

                                 Douglas E. Geyman

11                                 Attorney for Rory Randall

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

## VERIFICATION

STATE OF CALIFORNIA COUNTY OF SAN DIEGO
I have read the foregoing COMPLAINT FOR DAMAGES
and know its contents.

### ☐ CHECK APPLICABLE PARAGRAPHS

☒ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner _____ ☐ a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____, 19 98 , at SAN DIEGO _____, California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

RORY RANDALL _____ _____
Type or Print Name                                          Signature

### PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of _____, State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____

on _____, 19 ___ I served the foregoing document described as _____

_____ on _____ in this action
☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY MAIL
   ☐ *I deposited such envelope in the mail at _____, California.
   The envelope was mailed with postage thereon fully prepaid.

   ☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

   Executed on _____, 19 ___, at _____, California.
☐ **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.
   Executed on _____, 19 ___, at _____, California.
☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____ _____
Type or Print Name                                          Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Page 14

# SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** (Aviso a Acusado)
JOHNSON AND JOHNSON, INC.; CODMAN AND
SHURTLEFF, INC.; JOHNSON AND JOHNSON
PROFESSIONAL, INC. and DOES 1 through 20,
Inclusive

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

A TRUE COPY ATTEST
DAVID D. AYLES, CONSTABLE
AND DISINTERESTED PERSON

**YOU ARE BEING SUED BY PLAINTIFF:**
(A Ud. le esta demandando)
RORY RANDALL

You have **30 CALENDAR DAYS** after this summons is served on you to file a typewritten response at this court.

A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case.

If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

*Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.*

*Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.*

*Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte.*

*Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).*

The name and address of the court is: (El nombre y dirección de la corte es)
Superior Court of California
220 West Broadway
220 West Broadway
San Diego, CA  92101
San Diego Judicial District

**CASE NUMBER** (Número del Caso)
**726956**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)

179514          (619) 232-3533

Douglas E. Geyman, Esq.
The Law Office of Douglas E. Geyman
750 "B" Street, Suite 2890
San Diego, CA  92101

KENNETH H. MARTONE
Clerk of the Superior Court
San Diego County, CA

DATE: **DEC 30 1998**
(Fecha)

Clerk, by _Imelda Calimlim_ , Deputy
(Actuario)   IMELDA CALIMLIM   (Delegado)

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): _____

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (individual)
       ☐ other:
4. ☐ by personal delivery on (date):

Form Adopted by Rule 982
Judicial Council of California
982(a)(9) (Rev. January 1, 1984)

(See reverse for Proof of Service)
**SUMMONS**

# EXHIBIT "2"

Stern, Neubauer,
Greenwald & Pauly
A Professional
Corporation

1

## PROOF OF SERVICE

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

3        I am employed in the County of Los Angeles, State of California. I am over the age
of 18 and not a party to the within action; my business address is 1299 Ocean Avenue, Tenth
4    Floor, Santa Monica, California 90401-1007.

5        On February 10, 1999, I served the foregoing document described as NOTICE OF
REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) on the interested parties in this
6    action by placing a true copy thereof enclosed in a sealed envelope addressed to the
addressee(s) as follows:

7

Douglas E. Geyman Esq.
8    Law Offices of Douglas E. Geyman
750 B Street, Suite 2890
9    San Diego, CA 92101

10   ☒    BY MAIL AS FOLLOWS: I caused such envelope to be deposited in the mail at
Santa Monica, California. The envelope was mailed with postage thereon fully
11        prepaid. I am readily familiar with the firm's practice of collection and processing
correspondence for mailing. It is deposited with the United States Postal Service on
12        that same day in the ordinary course of business.

13   ☐    BY PERSONAL SERVICE: On February 10, 1999, I personally delivered such
envelope by hand to the offices of the addressee.
14
15   ☐    BY FEDERAL EXPRESS: The Federal Express package tracking number for this
envelope    is    _____,    and    the    envelope    was    sent
_____    for    receipt    on    _____    at
16   _____.

17   ☐    BY FACSIMILE MACHINE: The above-referenced document was transmitted by
facsimile transmission and said transmission was reported as complete and without
18        error.

19        Executed on February 10, 1999, at Santa Monica, California.

20   ☐    (State)    I declare under penalty of perjury under the laws of the State of
California that the above is true and correct.

21   ☒    (Federal)    I declare under penalty of perjury that I am employed in the office of a
member of the bar of this Court at whose direction the service was
22        made.

23

24    _____
                    _Cynthia Keller_
25                    CYNTHIA KELLER

26

27

28

JS 44
(Rev. 11/95)
— CIVIL COVER SHEET —

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
RORY RANDALL

## DEFENDANTS
JOHNSON & JOHNSON, INC., CODMAN & SHURTLEFF, INC.,
JOHNSON& JOHNSON PROFESSIONAL, INC.

F I L E D

99 FEB 10 PM 2:48

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

99 CV 0238 JAH

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Raynham, Mass.
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Douglas E. Geyman, Esq. (SBN 159417)
Law Offices of Douglas E. Geyman
750 B Street, Suite 2890
San Diego, CA 92101
(619) 232-3533

ATTORNEYS (IF KNOWN)
Mark A. Neubauer, Esq. (SBN 073728)
Michael F. Donner, Esq. (SBN 155944)
Stern, Neubauer, Greenwald & Pauly, A P.C.
1299 Ocean Avenue, Tenth Floor
Santa Monica, CA 90401
(310) 451-8001

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [X] 190 Other Contract
- [ ] 195 Contract Product Liability

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury-Med Malpractice
- [ ] 365 Personal Injury-Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence
  Habeas Corpus
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Promissory Fraud, Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** [ ] UNDER F.R.C.P. 23

DEMAND $ In Excess of 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE
February 10, 1999

SIGNATURE OF ATTORNEY OF RECORD
*Mark Neubauer*

FOR OFFICE USE ONLY

RECEIPT # 046162    AMOUNT 150⁰⁰    APPLYING IPP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 Civil Cover Sheet and the information contained herein neither replace nor supplement the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      **(a) Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section ("see attachment".)

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdiction be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States Plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States Defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal Question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of Citizenship. (4) This refers to suits under 28 U.S.C. 1332,where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; (federal questionactions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.      **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.    **Requested in Complaint** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS-44 is used to reference relating pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge's name for such cases.

**Date and Attorney Signature.**