Case 3:99-cv-00238-RHW-JAH   Document 75   Filed 04/04/02   PageID.1689   Page 1 of 14

USDC SCAN INDEX SHEET










```
APS    4/4/02    16:07
3:99-CV-00238    RANDALL V. JOHNSON & JOHNSON
*75*
*APPJGM.*
```

JUDGMENT
==================================================================

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

----------------

NO. 00-56842
CT/AG#: CV-99-00238-RHW

RORY RANDALL

    Plaintiff - Appellant

v.

CODMAN AND SHURTLEFF, INC.; PROFESSIONAL JOHNSON AND JOHNSON PROFESSIONAL INC.; DOES, 1 THROUGH 20

    Defendants - Appellees

----------------------

APPEAL FROM the United States District Court for the Southern District of California (San Diego).

THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the Southern District of California (San Diego) and was duly submitted.

ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is AFFIRMED.

Filed and entered - 3/6/02.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
MAR 28 2002
by
Deputy Clerk

ENTERED ON 4-4-02

**NOT FOR PUBLICATION**



FILED

MAR 0 6 2002

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| RORY RANDALL,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CODMAN AND SHURTLEFF, INC.;<br>JOHNSON & JOHNSON PROFESSIONAL,<br>INC.; and DOES 1 through 20, inclusive,<br><br>Defendants - Appellees. | No. 00-56842<br><br>D.C. No. CV-99-00238-RHW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Robert H. Whaley, District Judge, Presiding

Argued and Submitted February 6, 2002
Pasadena, California

Before:   PREGERSON, RYMER, and T.G. NELSON, Circuit Judges.

---

\*   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. We review the district court's grant of summary judgment de novo.[1] Viewing the evidence in the light most favorable to the appellant, we must determine whether any genuine issues of material fact exist and whether the district court correctly applied the law.[2] We review the district court's denial of appellant's motion to alter or amend for abuse of discretion.[3]

The district court correctly granted the defendants' motion for summary judgment. Randall pointed to nothing that suggests Foldvari or Collins knew, or had reason to know, at the time they made the alleged promises, that their promises would not be performed. Accordingly, the district court properly granted summary judgment as to Randall's claim for promissory fraud.

The district court also correctly held that the alleged pre-hire oral statements were too vague to be enforceable and that the personnel policies and procedures did not create an employment contract with termination only for cause.[4] We conclude that the post-hire statements, when viewed in the light most favorable to

---

[1] *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001).

[2] *Id.*

[3] *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001).

[4] See *Ladas v. Cal. State Auto. Assoc.*, 19 Cal. App. 4th 761, 770 (1993).

2

Randall, suggest only that his tenure with the company was expected to last for at least one year from early 1994, which it did.[5] Accordingly, even absent the letter-contract, we would affirm the district court's grant of summary judgment on the implied-in-fact contract claims. The existence of the letter-contract merely strengthens the district court's conclusions.

Finally, the district court properly granted summary judgment on the breach of implied covenant of good faith and fair dealing claim. As the court pointed out, covenant theory only requires that the employee receive the benefit of the bargain. We agree with the district court that Randall's bargain was for at-will employment. Moreover, we agree with the district court that the letter-contract was an integrated employment agreement. The personnel policies on which Randall relies did not alter his express employment contract. Accordingly, Randall received the benefit of the bargain. Randall raises a claim of negligent misrepresentation for the first time on appeal; we decline to consider it because no exceptional circumstances warrant doing so.[6]

---

[5] *See Malmstrom v. Kaiser Aluminum & Chem. Corp.*, 187 Cal. App. 3d 299, 309, 317-18 (1986).

[6] *See Bradley v. Harris Research, Inc.*, 275 F.3d 884, 891 (9th Cir. 2001).

In light of the foregoing, and the fact that the evidence Randall sought to introduce was not "previously unavailable,"[7] we conclude that the district court also properly denied Randall's motion to alter or amend.

AFFIRMED.

---

[7] *See Zimmerman*, 255 F.3d at 740.

4

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

MAR 2 8 2002

by
    Deputy Clerk

INTERNAL USE ONLY: Proceedings include all events.
00-56842 Randall v. Codman And Shurtleff, et al

RORY RANDALL

        Plaintiff - Appellant

  v.

CODMAN AND SHURTLEFF, INC.; PROFESSIONAL JOHNSON AND JOHNSON
PROFESSIONAL INC.; DOES, 1 THROUGH 20

        Defendants - Appellees

```
INTERNAL USE ONLY: Proceedings include all events.                              i
00-56842 Randall v. Codman And Shurtleff, et al
```

| | |
|---|---|
| RORY RANDALL<br>    Plaintiff - Appellant | H. P. Kondrick, Esq.<br>FAX 619/291/7123<br>619/291/2400<br>[COR LD NTC ret]<br>3130<br>Fourth Avenue<br>San Diego, CA 92103-5803 |
| v. | |
| CODMAN AND SHURTLEFF, INC.<br>    Defendant - Appellee | Mark A. Neubauer, Esq.<br>310/277/1226<br>[COR LD NTC ret]<br>ALSCHULER GROSSMAN STEIN &<br>KAHAN LLP<br>2049 Century Park East, Thirty-Ninth Floor<br>Los Angeles, CA 90067-1226<br><br>Stacy W. Harrison, Esq.<br>FAX 310/552-6077<br>310/277-1226<br>39th Floor<br>[COR LD NTC ret]<br>ALSCHULER, GROSSMAN, STEIN &<br>KAHAN<br>2049 Century Park East<br>Los Angeles, CA 90067-3213 |
| PROFESSIONAL JOHNSON AND<br>JOHNSON PROFESSIONAL INC.<br>    Defendant - Appellee | Mark A. Neubauer, Esq.<br>(See above)<br>[COR LD NTC ret]<br><br>Stacy W. Harrison, Esq.<br>(See above)<br>[COR LD NTC ret] |
| DOES, 1 THROUGH 20<br>    Defendant - Appellee | No Appearance<br>No Address |

**For Official Use Only**

F I L E D
MAR 2 0 2002
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
## BILL OF COSTS

**NOTE:** If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. 1920, and Circuit Rule 39-1 when preparing your bill of costs.

Rory Randall  v.  Johnson & Johnson Professional, Inc.  CA No. 00-56842
              Codman & Shurtleff, Inc.  D.C. No. CV-99-00238-RHW

The Clerk is requested to tax the following costs against: Rory Randall

| COST TAXABLE UNDER FRAP 39, 28 U.S.C. 1920, Circuit Rule 39-1 | REQUESTED Each column must be completed | | | | ALLOWED To be completed by the clerk | | | |
|---|---|---|---|---|---|---|---|---|
| | No. Of Documents* | Pages per Document | Cost per Page** | Total Cost | No. Of Documents | Pages for Document | Cost for Page | Total Cost |
| Excerpt of Record | 7 | 801 | .08 | 448.56 | | | | |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | 10 | 101 | .15 | 151.50 | | | | |
| Appellant's Reply Brief | | | | | | | | |
| Other | | | | | | | | |

TOTAL: $ 600.06                                             TOTAL: $

Other: Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

*If more than 7 excerpts or 20 briefs are requested, a statement explaining the excess number must be submitted.
**Costs per page may not exceed 20¢ or actual cost, whichever is less. Circuit Rule 39-1.

Attorneys Fees cannot be requested on this form.

I, Mark A. Neubauer, swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed. The printer's itemized statement showing actual costs per page is attached.

Signature: /s/ Mark A. Neubauer    Date: 3/19/02

Name of Counsel (printed or typed) Mark A. Neubauer, Esq.

Attorney for: Johnson & Johnson Professional, Inc. for itself and as Successor in Interest to Appellee Codman & Shurtleff, Inc.

Date: 3/28/02

Costs are taxed in the amount of $600.06

Clerk of Court

By: /s/ _____ Deputy Clerk

wpdocs/forms/bill REV. 11/85



**WHITMONT Legal Copying, Inc.**
*Specializing in Litigation Services*

| | |
|---|---|
| INVOICE NUMBER: | 280197 |
| INVOICE DATE: | 4/13/1 |
| Job # | CC87264 |

P.O. Box 71129
Los Angeles, CA 90071-0129
310.201.2144 Century City          714.979.2177 Orange County       415.904.4400 San Francisco
213.955.5956 Downtown L.A.      650.289.9300 Palo Alto                 408.392.8840 San Jose
562.733.1173 Long Beach             619.615.0588 San Diego              206.386.5820 Seattle

**SOLD TO:**
Alschuler, Grossman et al.
39th Floor
2049 Century Park East
Los Angeles, CA 90067

**DELIVERED TO:**
Same

Attn.: Nancy Nativadad

| ACCT. EXEC. | REFERENCE NO. / P.O. NO. | CONTACT NAME | ORDER DATE |
|---|---|---|---|
| Danny D. | | Nancy Nativadad | 4/10/1 |

| QUANTITY | DESCRIPTION | | PRICE | |
|---|---|---|---|---|
| 8,010.00 | Light Litigation Copies | $0.0800 | $640.80 | Pay |
| 33.00 | Velo Binds - 1" | 2.0000 | 66.00 | total |
| 140.00 | Tabs | 0.2500 | 35.00 | below |

ENTERED MAY 2 3 2001 BY ACCOUNTING

**REDACTED**

**PLEASE PAY FROM THIS INVOICE**

| | |
|---|---|
| Taxable Subtotal | 741.80 |
| Sales Tax | 59.34 |
| Non-Taxable Subtotal | 0.00 |
| Total Invoice Amount | **$801.14** |
| Terms | Net 15 Days |
| Due Date | 4/28/1 |

We recognize that some of our clients may be billing these expenses through to their customers. In any case, the Whitmont client remains responsible to pay within our terms regardless of their receivables.

PLEASE INCLUDE OUR INVOICE NUMBER WITH YOUR REMITTANCE

# ALSCHULER GROSSMAN STEIN & KAHAN LLP
## ATTORNEYS AT LAW

Johnson & Johnson  
One Johnson & Johnson Plaza  
New Brunswick, CA  08933-7002

DATE 05/08/01  
REF: 50848

ATTN: John C. O'Shaughnessy, Esq.

BALANCE FROM PREVIOUS STATEMENT:

PAYMENTS RECEIVED:

BALANCE REMAINING:

FEES FOR PROFESSIONAL SERVICES  
RENDERED THROUGH 04/30/01 (SEE ATTACHMENTS):

EXPENSES REGARDING YOUR  
ACCOUNT THROUGH 04/30/01 (SEE ATTACHMENTS):

REDACTED

BALANCE DUE:

DUE UPON RECEIPT

2049 CENTURY PARK EAST • SUITE 4000 • LOS ANGELES, CA 90067-3213  
TELEPHONE: 310-277-1226 • WWW.AGSK.COM • FACSIMILE: 310-552-6077  
MEMBER OF THE ASSOCIATION OF COMMERCIAL LAWYERS INTERNATIONAL

# ALSCHULER GROSSMAN STEIN & KAHAN LLP
## ATTORNEYS AT LAW

Johnson & Johnson (John O'Shaughnessy, Esq.)      Date: 05/08/01
RE: Johnson & Johnson Professional, Inc. adv. Rory Randall     Bill # 50848

| DATE | DESCRIPTION OF SERVICES RENDERED | HOURS | ATTY |
|---|---|---|---|



| SUMMARY OF EXPENSES | AMOUNT |
|---|---|
| Computer Legal Research | |
| Photocopy 1,370 @ .15 per page | 205.50 |
| **TOTAL EXPENSES** | $ |

# ALSCHULER GROSSMAN STEIN & KAHAN LLP
## ATTORNEYS AT LAW

Johnson & Johnson (John O'Shaughnessy, Esq.)      Date: 05/08/01
RE: Johnson & Johnson Professional, Inc. adv. Rory Randall      Bill # 50848

THE PRESENT HOURLY RATES OF THE ATTORNEYS AND PARALEGALS
RENDERING SERVICES SHOWN ON THIS MATTER ARE AS FOLLOWS:

| ATTORNEY | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| | | | |
| **TOTAL** | | | |

REDACTED

BALANCE REMAINING:      $

FEES FOR PROFESSIONAL SERVICES RENDERED THROUGH 04/30/01:

EXPENSES REGARDING YOUR ACCOUNT THROUGH 04/30/01:

BALANCE DUE:      $

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Alschuler Grossman Stein & Kahan LLP, 2049 Century Park East, Thirty-Ninth Floor, Los Angeles, California 90067-3213. On March 19, 2002, I served a true copy of the within documents:

**BILL OF COSTS (Circuit Rule 39-1)**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope, with the overnight delivery charge prepaid, addressed as set forth below, and deposited in a box or facility regularly maintained by the overnight delivery service carrier, Federal Express.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

H. Paul Kondrick, Esq.                    Attorney for Plaintiff Rory Randall
H. Paul Kondrick, A Professional
Corporation
3130 Fourth Avenue
San Diego, California 92103-5803
Fax No.: (619) 291-7123

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 19, 2002.

_____
AMY S. KALP

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

623879v1                                                                Printed on recycled paper